# NATHANIEL S. GIVENS, Appellant, v. EDMOND J. HARLOW et al.

### Division One, June 17, 1913.

1. **ATTACHMENT: Service in Another State: Certificate of Deputy Clerk.** A personal service of summons in an attachment suit by a sheriff of another State, if the affidavit of the sheriff is certified only by the deputy clerk of the court, is not a statutory service, and does not give the circuit court of this State jurisdiction. And an attempted amendment of such return, by a new affidavit made by the same person who was at the time the first certificate was made but is no longer sheriff, made before and certified by the clerk of the same court, is a nullity. [Following Priest v. Capitain, 236 Mo. 446.]

2. ——: **General Judgment: Rendered on Constructive Service.** A general judgment in attachment, rendered upon constructive service, is void; and if it carries upon its face the evidence which shows it to be a general judgment, it is void upon its face. And if upon its face it shows it was rendered upon constructive service, it carries the evidence of its own invalidity. And that it is a general judgment against defendant, and not one against his attached property, is shown by this recital: "it is therefore ordered and adjudged by the court that plaintiff recover from defendant the sum of $73.80, being the amount of said note and interest to this date, together with costs of suit, and that execution issue therefor."

3. ——: ——: **Constructive Service.** Service in another State upon the defendant by a sheriff of such State of a summons issued out of a court in this State, is at most constructive service, and does not authorize a general judgment in attachment.

4. ——: ——: **Void: Collateral Attack.** A void judgment is subject to attack in a collateral proceeding. For instance, it may be shown in a partition suit that the judgment under which a purchaser at the sheriff's sale under such judgment bought the interest of an heir in the land, was void, and that in consequence the sheriff's deed was void.

5. ——: ——: **Cured by Execution: Substituted Service.** The fact that only the land attached was sold under execution did not turn the void general judgment into an irregular judgment. Besides, a general and personal judgment cannot be rendered on substituted service.

**6. ————: Must Be Both Levy and Service.** It is not sufficient that the attachment writ be levied on the land and an abstract thereof filed in the recorder's office; the writ and petition must also be served upon the defendant as an ordinary summons, and that means that, when defendant is a non-resident, one form of substituted service must be had—either by publication, or personal service in strict accord with Sec. 2029, R. S. 1909; and without such service or notification, the writ of attachment does not attach the land.

Appeal from Daviess Circuit Court.—*Hon. Francis H. Trimble,* Judge.

REVERSED AND REMANDED (*with directions*).

*Dudley & Selby* and *Thomas H. Hicklin* for appellant.

(1) Because of the insufficiency and invalidity of the process, service and return thereof, of the sheriff of Harvey county, Kansas, in the case of Gillihan & Brosius v. H. Lindsey Harlow, and the insufficiency and invalidity of the levy of the writ of attachment issued in said cause, no jurisdiction was ever obtained over the person of the defendant in that cause, and no seizure of the *res* was ever made, and for these reasons no valid judgment was ever rendered, and the execution issued thereunder and the sheriff's deed based thereon are necessarily invalid and failed to divest title out of H. Lindsey Harlow and vest same in respondent Wilmer G. Harlow. A further objection to the judgment might be made that the judgment is a general one, and the execution issued thereon is a general execution. Moss v. Fitch, 212 Mo. 497; Hedrix v. Hedrix, 105 Mo. App. 40; Typewriter Co. v. Cash Register Co., 156 Mo. App. 107. (2) Secs. 538, 543, 2022 and 2029, R. S. 1899, construed together, required copy of writ of attachment to be served on defendant. (3) No jurisdiction gained over *res*. Furthermore, there has been a fatal failure to serve the writ of attachment issued in this case, or levy upon and seize

the land as then and now required by law, and this, along with the lack of proof of service on the defendant in Kansas, renders the judgment in the case void and open to collateral attack. The concluding portion of clause 3, Sec. 543, R. S. 1889, now the same as Sec. 2316, R. S. 1909, then required, as the latter section now requires, that the officer serving the writ of attachment shall give notice to the actual tenants, if any, at least ten days before the return day of the writ, and that he shall state the fact of such notice and the names of the tenants in his return. This was not done in this case and the return of the officer under the writ absolutely fails to show that it was done. Walter v. Scofield, 167 Mo. 554; Siling v. Hendrickson, 193 Mo. 365; Bank v. Kingston, 204 Mo. 701. (4) The return of the summons issued to the sheriff of Harvey county, Kansas, was not made as required by Sec. 2029, R. S. 1889 (now Sec. 1778, R. S. 1909), and for that reason no jurisdiction was ever obtained over the person of defendant, H. Lindsey Harlow. This kind of service, at best, is nothing but a substituted service, Moss v. Fitch, 212 Mo. 497, and no intendments can be made in favor of official regularity and legality. Gamasche v. Smythe, 60 Mo. App. 164; Stewart v. Stringer, 41 Mo. 401; Hyde v. Goldsby, 25 Mo. App. 29; Gates v. Tusten, 89 Mo. 19; Myers v. McRay, 114 Mo. 377; Wilson v. Railroad, 108 Mo. 588. This fact, taken in connection with the fact before pointed out that there was no valid levy on the property, renders the judgment based thereon absolutely void. Murdock v. Hilyer, 45 Mo. App. 287; Adams v. Hicksher, 80 Fed. 742; Russell v. Grant, 122 Mo. 161; Priest v. Capitain, 236 Mo. 451.

*John C. Leopard* and *Gillihan & Gillihan* for respondents.

Respondent's contention is that while said return is not sworn to before the proper officer as held by this

court in the case of Priest v. Capitain, 236 Mo. 446, yet when the petition and affidavit in attachment were filed and the attachment bond filed and approved and attachment writ issued and property levied upon and an abstract of the attachment thereof filed in the recorder's office, that then the court had jurisdiction of the *res* and that any irregularities in the proceedings thereafter did not divest the court of jurisdiction of the *res* and the return of the sheriff of Harvey county, Kansas, showing all jurisdictional facts and sworn to by said sheriff (although this court has since held that it should have been sworn to before the clerk himself) the court then acquired the power to adjudicate the sufficiency of the proof of service and having decided that it was sufficient a judgment rendered thereon was binding on all the world except the defendant himself, who alone would have the right to have the same reviewed. Such a judgment can only be attacked in a direct proceeding by the defendant himself and never by a stranger. Hardin v. Lee, 51 Mo. 244; Freeman v. Thompson, 53 Mo. 193; Randall v. Snyder, 214 Mo. 23; Bray v. McClury, 55 Mo. 139; Gay v. Bowles, 74 Mo. 424; Shea v. Shea, 154 Mo. 606. (3) An attack is made on the judgment because a general judgment was rendered and a general execution issued, but this court, in the case of Burnett v. McCluey, 92 Mo. 230, in which a general judgment was rendered and a general execution was issued, said "If the property levied upon and sold was that and only that actually seized by the writ of attachment, these are but errors which do not render the sale and the deed made thereunder void in this proceeding," therefore the case of Moss v. Fitch, 212 Mo. 497, and other like cases have no application under the facts here. Burnett v. McCluey, 92 Mo. 230; Massey v. Scott, 49 Mo. 281; Bray v. McClury, 55 Mo. 139. (3) Appellant for the first time, in this court, objects to the return of the sheriff of Daviess county, Missouri, on the ground that said re-

turn fails to show that notice was given to the actual tenants, if any. This objection cannot now be raised in this court for the reason that this specific objection was not made in the lower court, that court having had no opportunity to pass on that objection. This court in a long line of decisions has held that any objection to the introduction of evidence, especially documentary evidence, not made in the lower court will not be considered in this court. Buckley v. Knapp, 48 Mo. 561; Margrave v. Ansmuss, 51 Mo. 561; Morgan v. Joy, 121 Mo. 684; Wilson v. Reeves, 70 Mo. App. 33; Clark v. Conway, 23 Mo. 442.

GRAVES, J.—This is an action in partition. James Harlow died in 1882, leaving as his heirs Edmond J. Harlow, Wilmer G. Harlow, James Samuel Harlow and John W. Harlow, the defendants herein, and Joseph P. Harlow, Henry L. Harlow, and a widow, Huldah J. Harlow, who are not named as defendants. It appears that the estate of James Harlow had been previously partitioned, and in that proceeding 100 acres of land was set off to the widow as and for her homestead and dower rights, and adjoining this was also twenty acres which was used by the widow, which was likewise not partitioned. Thus there is involved in this case 120 acres of land formerly belonging to James Harlow. The widow died in July, 1908, and this suit followed in November, 1908. In the petition plaintiff claims a two-sixths interest in the whole tract of 120 acres. In other words he claimed to be the owner of the two interests which went by descent to Joseph P. Harlow and Henry L. Harlow. By the judgment plaintiff only recovered the one-sixth interest formerly belonging to Henry L. Harlow in the twenty-acre tract. This he recovered under and by virtue of a deed from Henry L., dated in October, 1908. The deed covered the entire 120 acres, but the trial court held that the interest of Henry L. had previously passed by a sher-

iff's deed, and that plaintiff's deed conveyed no interest in the 100-acre part of the tract. Plaintiff now admits that he is not entitled to the interest of Joseph P. Harlow, and admits that such interest belongs to Edmond J. Harlow, as found by the decree *nisi*. It thus appears that the sole controversy here is as to who owns the former interest of Henry L. Harlow in the 100-acre tract first set apart to the widow. This interest was adjudged *nisi* to Wilmer G. Harlow, by reason of the sheriff's deed. Counsel for the plaintiff in their statement of the case, thus describes the origin of this sheriff's deed:

"The origin of this sheriff's deed is as follows:

"On August 24, 1891, the firm of Gillihan & Brosius instituted suit by attachment against H. Lindsey Harlow, who was then a resident of Harvey county, Kansas, causing summons in the ordinary form, to issue to the sheriff of Harvey county, Kansas, attaching to the original summons, as well as to the copy, a certified copy of the petition filed in the case. This petition was one in the usual and ordinary form on a note for $74, which had been given by the defendant in that suit to the plaintiffs, Gillihan & Brosius. On the same day plaintiffs filed their affidavit in attachment, alleging as the ground therein, the non-residence of defendant, also their bond in attachment, and caused to be issued to the sheriff of Daviess county, Missouri, an attachment writ, and this writ is returned by the sheriff of Daviess county, Missouri, he stating in his return that he had levied on above hundred acres of land, and filed in the recorder's office of said county an abstract of the attachment writ, but there is nowhere in his return any statement that he has given notice to the tenants on said land, at least ten days before the return day of the writ, nor at any other time, giving the names of the tenants in his return, as then required by clause 3 of section 543, Revised Statutes 1889, and now by section 2316, Revised Statutes

1909, clause 3, nor as a matter of fact was anything of that kind done, nor does the record show it.

"The summons and copy of petition issued to the sheriff of Harvey county, Kansas, as we have stated, was simply an ordinary summons and the petition was the ordinary petition on a note, except that the copy attached shows petition was verified before W. H Mc-Clung, clerk, and original is not verified. There was no copy of the summons and writ of attachment, no copy of the bond and affidavit in attachment, nor any other fact therein to notify the defendant that a suit by attachment had been commenced against him and his land levied on to satisfy the claim of plaintiffs. The sheriff of Harvey county, Kansas, in making or attempting to make, the proof of his service, has the deputy district clerk certify to the return instead of the clerk, as section 2029, Revised Statutes 1889, then required, and as is now required by section 1778, Revised Statutes 1909. More than seventeen years after this unquestionably void service and return, the circuit court of Daviess county, Missouri, without any notice to the plaintiff in this case or the defendant in that case, assumes the right to permit this return to be amended, orders the cause of Gillihan & Brosius v. H. Lindsey Harlow to be redocketed, states that E. E. Pollard, sheriff of Harvey county, Kansas, asks leave to file additional amended return of service, grants leave to file additional amended return of service, states that he does do so and files the same in said cause, and continues the cause to pass off the docket, and this purported amended return is now sought to be relied on in this case to cure the admitted invalidity of the former one.

"The absolute invalidity of this amended return and the order purporting to permit it, we hope to show later on in the course of the brief filed in this cause, and, at this time, simply call the attention of this court to one or two facts in connection with it. In

the first place, we say the court had no lawful authority to permit it and, even if such was the case, it does not comply with the terms of the invalid order permitting it.   The order purports to permit E. E. Pollard, sheriff of Harvey county, Kansas, to file, etc., and further on states that E. E. Pollard, sheriff, amends, etc., when the amended return itself on its face states that E. E. Pollard, a person who 'was the sheriff on August 28, 1891, of the county of Harvey,' etc., makes the statement in what purports to be an affidavit before C. L. Hand, clerk of the district court of Harvey county, Kansas.  Of course as we have said, there are other and manifest faults that will be pointed out in the brief proper, that absolutely preclude the idea of its possessing any validity, such, for instance that the certificate required by law must state that the officer serving the writ, that the judge or clerk who signs the affidavit and certificate, is the judge or clerk, as the case may be, of the court of which 'affiant is an officer,' while this affidavit and certificate states that affiant was an officer of the court of which the said C. L. Hand at the time is an officer.''

The whole case turns upon the validity or invalidity of this judgment in the attachment suit.   This sufficiently states the case.


I.   There are several questions presented by the record in the attachment preceding.   These we will discuss in order, but in this connection the recitals of the judgment in that case become material.   This judgment reads:

''Now on this day come the plaintiffs in their own proper persons, and the defendant though duly summoned on the 28th day of August, 1891, by the sheriff of Harvey county, Kansas, which return is in words and figures as follows, to-wit: 'I hereby certify that I executed the within writ in the county of Harvey and State of Kansas on the 28th day of August, 1891,

by delivering into the hands of the within named defendant, H. Lindsey Harlow, a copy of the within petition and writ. E. E. Pollard, sheriff of Harvey county, Kansas. I, E. E. Pollard, being duly sworn, upon oath state that the above return made by me is true and that I am duly authorized to serve process as such. E. E. Pollard, sheriff of Harvey county, Kansas. Sworn to and subscribed before me, clerk of the district court of which the said E. E. Pollard is sheriff, and I further certify that said E. E. Pollard is sheriff of Harvey county, Kansas, and that he has the right to serve process in said Harvey county, Kansas. Witness my hand and official seal. Done at my office, this 29th day of August, 1891. Josiah Foltz, clerk district court. (Seal.) By G. W. Butt, deputy clerk. Sheriff's fee serving summons first person 50c, copy 25c, mileage 50, $5; total $6. E. E. Pollard, sheriff Harvey county, Kansas, Newton, Harvey county, Kansas.,' which return is in conformity with statute and as the law directs, but said defendant fails and neglects to appear and answer to this action, but makes default herein so that plaintiffs' cause of action remains unanswered and undefended, and said cause being submitted to the court, the court finds that plaintiff's cause of action is founded upon a promissory note for the direct payment of money, the amount of which is liquidated and certain, it is therefore ordered and adjudged by the court that the plaintiffs recover from defendant the sum of seventy-three dollars and eighty cents, being the amount of said note and interest to this date, with ten per cent interest thereon from date, together with costs of suit and that execution issue therefor, that the attachment be in all things sustained.''

That the trial court acquired no jurisdiction in the attachment suit by reason of this service in Kansas, as set out in the judgment above, is made clear

by the very recent case of Priest v. Capi-
**Attachment** tain, 236 Mo. 1. c. 456, *et seq.* The proof
**Service.** of service here involved is practically
identical with the proof of service involved in the
Priest case, supra. Nor did the circuit court have
any authority to permit the amendment of the proof
of service as was attempted in this case. Its act in so
doing is and was a nullity. We so ruled in the Priest
case, supra. [*Vide,* 236 Mo. 1. c. 458.] It must be
held, therefore, that if this Kansas service, and the
subsequent action of the circuit court permitting an
amended proof of that service, are the only things
which authorized the circuit court to proceed in the at-
tachment suit, then the court was proceeding without
jurisdiction. Such rule we clearly announced in the
Priest case, supra, which case had our best efforts in
outlining the statutory and case law upon the question
involved, and should be read in connection with this
opinion.

II. It is urged that the judgment in the attach-
ment suit is being collaterally attacked, and that it is
good as against such an attack, although it might be
subject to a successful attack in a direct proceeding.
It must be conceded that this is a collateral rather
than a direct attack upon this judgment. For that rea-
son we have set out the judgment in full. This, to
the end that we might determine whether it be a void
or a mere voidable judgment. This judgment upon
its face is a general judgment to our minds. It was
so considered by the court which rendered it and by
the parties to that suit, because upon it
**Attachment:** was issued a general execution rather
**General** than the special execution which should
**Judgment.** have been issued in an attachment pro-
ceeding, where there was no personal service upon the
defendant. The land was sold under this general exe-
cution, and the sheriff's deed, under which Wilmer G.

Harlow claims, is one made after a sale under this general execution. If, as we have concluded, this is a general judgment, then it is void upon its face, because under such constructive service, even had proof of service been good, there is no authority in law for the rendition of a general judgment. This judgment upon its face carries the evidence of its own invalidity as a general judgment. It shows that it was rendered upon constructive service rather than upon personal service. Service of a summons issued by a court of this State in a sister State is at most but constructive service, and does not authorize a general judgment. This we expessly ruled in the case of Moss v. Fitch, 212 Mo. 484, after a thorough review of our case law. That the judgment before us is a general judgment and one against the person rather than the attached property is clear. Note the language: ''It is therefore ordered and adjudged by the court that the plaintiff recover from *the defendant* the sum of seventy-three dollars and eighty cents, being the amount of said note and interest to this date, with ten per cent thereof from this date, together with costs of suit, and that execution issue therefor.'' It will thus be seen that there is no special judgment against the land claimed to have been attached, and no special execution ordered, but on the contrary the judgment is against the person, and a general execution directed, which was issued. It is evident that the trial court in the attachment proceeded upon the theory that a general judgment could be entered under the Kansas service. The statute, section 2029, Revised Statutes 1889, then in force, seemingly authorized a general judgment upon such service, and the trial court was evidently so impressed. But of that portion of the statute, in Priest v. Capitain, 236 Mo. l. c. 457, we thus spoke:

''The latter clause of the section has been held to be violative of constitutional rights, if construed to

251 Mo.—16

mean that a personal judgment could be entered upon such service. [Moss v. Fitch, 212 Mo. 484, and cases therein reviewed.]''

In Moss v. Fitch, 212 Mo. l. c. 502, we had a personal judgment upon service of this kind. It was a collateral attack upon that judgment, but we said:

''From this it follows that plaintiff's judgment for alimony and all proceedings thereafter as to the execution and sale were absolutely void and she acquired no title to the land by reason thereof.''

In such case the judgment is void and not merely voidable. A void judgment is subject to attack in a collateral proceeding and has always been so held. The absence of jurisdiction of the trial court in that case appeared upon the very face of the judgment itself and was reflected to the world by the very language of the recitations in that judgment. These recitations as to the service made the judgment void and not voidable. A sale under such judgment was void, as well as the deed made in pursuance of such sale.

III. It is urged under the authority of Burnett v. McCluey, 92 Mo. 230, that because only the land attached was sold, a general judgment was not necessarily void, but only irregular. There

Attachment: General Judgment: Irregular.

is some language in that case lending support to these views, but when the facts are considered the case is not applicable here. In that case there was a valid service by publication, whilst in this case there is no valid substituted service, by which the defendant was notified. Presumably in that case, the judgment recited due service upon defendant by publication, but in this case the proof of service and the service itself is set out in the judgment and bespeaks the absence of due service upon defendant. But after all, the case law of this State does not allow a general and personal judgment upon any substituted service. [Moss v. Fitch, supra, and cases reviewed therein.]

IV.  Next it is urged that inasmuch as the attachment writ was levied upon the land, and an abstract thereof filed in the recorder's office, therefore the court was possessed of the *res,* and the judgment is therefore not void.  This contention cannot stand.  The *res* must be attached and properly attached, **Attachment:** but this is not all.  Section 2316, Revised **No Service.** Statutes 1909, which has been the law for years, says:  "The writ and petition shall be served upon the defendant as an ordinary summons."  The property must be attached, and the defendant notified, is the meaning of this language.  If the writ of attachment, which contains a summons, cannot be served personally upon the defendant, then one form of substituted service must be had, i. e., a publication or service personally upon the defendant in a sister State, as was attempted here.  The law requires both of these steps to be taken before the court can proceed to render a judgment in an attachment proceeding.  In the case at bar it appears that the first step was properly taken, but it also appears from the very judgment itself that there was no valid evidence of the second step having been taken.  So that under any theory of the case the judgment in the attachment proceeding was void upon its face, and could be attacked in a collateral proceeding.

From this it follows that the judgment in this case must be reversed, and the cause remanded with directions to enter judgment for the plaintiff as herein indicated.

All concur.