GEORGE A. GRAVES, Trustee for EUGENE H.. MOORE and IONE L. MOORE (Now MRS. IONE WADLEIGH), v. J. W. SMITH and MAE SMITH, Appellants.

In Banc, June 14, 1919.

1. **JURISDICTION: Judgment in Attachment.** The court does not acquire jurisdiction in an attachment suit against a non-resident unless the notice by publication, or the substituted service, is in the form prescribed by the statute; and a judgment attempting to fix a lien on land is void; unless the notice, or substituted service, is sufficient to bring the subject-matter and the defendant within the judicial cognizance of the court.

2. ———: ———: **Substituted Service.** The statute (Sec. 1770, R. S. 1909) requires that in attachment suits the order of publication shall "state briefly the object and general nature of the petition," and the substituted service upon a non-resident permitted by Section 1778 is only a statutory alternative for notice by publication, and has no broader scope, and is intended to inform the non-resident that the court has seized the *res* and will proceed to adjudge the rights of the parties thereto, and unless it informs him that his property has been attached or impounded the court does not obtain jurisdiction unless he appears, and a judgment entered upon such substituted service, without his appearance, is void.

Appeal from Jasper Circuit Court.—*Hon. D. E. Blair,* Judge.

REVERSED AND REMANDED (*with directions.*)

*Owen & Davis* for appellants.

(1) The judgment rendered in the case of Graves, Trustee, against J. W. Smith, is void, and likewise the execution issued thereunder, the sheriff's sale thereunder, and the sheriff's deed under which plaintiff claims and asserts title, for the reason that the court had no jurisdiction over the person of the defendant in that suit. (a) The order of publication issued in said

cause runs in the name of J. W. Smith—the record title to the lands in question being in John W. Smith—and is, therefore, void. Notice by publication, in order to authorize a valid judgment, must run in the name of the defendant as it appears of record. White v. Gramley, 236 Mo. 647; Railroad v. Norris, 153 Mo. App. 667. (b) The order of publication issued in said cause does not follow the affidavit of F. M. Cummings, which alleges that "the aforesaid J. W. Smith has left the State of Missouri and is now a nonresident of the State of Missouri," and upon which it is based, but follows one of the grounds of attachment, to-wit, "that the defendant has absented himself from his usual place of abode in this State so that the ordinary process of law cannot be served upon him," and is, therefore, void. An order of publication must show upon its face the true grounds upon which it is based; a false recital renders it void. Tooker v. Leake, 146 Mo. 431; Harness v. Cravens, 126 Mo. 233; Kunzi v. Hickman, 243 Mo. 116; Parker v. Burton, 172 Mo. 85; Crossland v. Admire, 149 Mo. 656. (c) The order of publication issued in said cause, if based upon the affidavit of attachment, is void, because the affidavit of F. M. Cummings, filed April 16th, is inconsistent with and destroys the affidavit of attachment as a basis for an order of publication. Mansur v. Insurance Co., 136 Mo. App. 726; Hinkle v. Loveless, 204 Mo. 219; Harness v. Cravens, 126 Mo. 247. (d) The order of publication did not notify defendant that his lands had been, or were about to be, attached; or that he was called upon to defend an attachment suit, and is, therefore, void. It failed to notify him of the general nature and object of the suit. Sec. 1770, R. S. 1909. (e) The certified copy of the petition and lease thereto attached, the affidavit, and the summons served upon defendant in the State of Texas, did not notify him that he was called upon to defend an attachment suit, or that his property would be subjected to the lien of any judgment authorized upon

such process. It was essential to the jurisdiction of the court that a certified copy of the petition and writ be served upon the defendant, as provided in Section 2316, or as provided in Section 1778, R. S. 1909; or that he be notified by publication, as provided in Section 1770. Moss v. Fitch, 212 Mo. 484; Given v. Harlow, 251 Mo. 231; Lasere v. Rochereau, 84 U. S. 437; 1 Shinn on Attachment, secs. 5, 217; 4 Cyc. 814. The remedy by attachment is purely statutory, and it is essential to the vadility of a judgment rendered in such a case that all of the essential requirements of the statute be substantially complied with. 8 Corpus Juris, sec. 121, p. 88; 1 Shinn on Attachment, sec. 8; Lackland v. Garesche, 56 Mo. 267; Hauser v. Murray, 256 Mo. 89; Hargadine v. Van Horn, 72 Mo. 370; Bryant v. Duffey, 128 Mo. 18. (f) The return of the sheriff to the writ of attachment does not show how he notified the tenant on the lands attached of the suit, whether verbally or in writing. It was essential to the jurisdiction of the court that the tenant of the land attached be served with notice of the suit, as provided in Sec. 2316, R. S. 1909. Siling v. Hendrickson, 193 Mo. 365; Walter v. Schofield, 167 Mo. 537; Miner's Bank v. Kingston, 204 Mo. 687; Williams v. Dittenhofer, 188 Mo. 134; Allen v. Welch, 125 Mo. App. 278; Gates v. Tusten, 89 Mo. 21. (2) The judgment rendered in the attachment suit is a general judgment, and is therefore void, and likewise all proceedings had thereunder. Priest v. Capitain, 236 Mo. 456; Givens v. Harlow, 251 Mo. 231. (3) The execution issued on the judgment in the attachment suit is a special execution and is therefore void. Givens v. Harlow, 251 Mo. 231.

*George Hubbert* for respondent.

(1) As against any collateral question concerning the validity of the judgment in attachment and for execution against the land in question in this case, the attachment of the land by sheriff, under regular writ, based on bond with affidavit showing cause, fol-

lowed by abstract duly•filed for record, proved by the
sheriff's return of the attachment and of the fact of
due notice to the actual tenant, gave the court jurisdic-
tion to enforce the attachment lien, and no defect in
subsequent proceedings could affect the force of the sher-
iff's sale and deed to respondent as the purchaser un-
der that judgment.   Randall v. Snyder, 214 Mo. 32; Wil-
liams v. Lobban, 206 Mo. 409; Shea v. Shea, 154 Mo. 605;
Johnson v. Gage, 57 Mo. 165; Freeman v. Thompson, 53
Mo. 194; Hardin v. Lee, 51 Mo. 244; Thompson v. Pad-
dock, 148 Mo. App. 153; Cooper v. Reynolds, 10 Wall.
(77 U. S.) 308, 19 L. Ed. 931; Payne v. Moreland, 15
Ohio, 435, 45 Am. Dec. 585. (2) Even if the judgment in
the attachment case were only and merely general in its
form, and there had been no regular service by publica-
tion or summons ·to defendant, the judgment and writ
of execution being really and specially against the at-
tached property, the resulting sale and deed are not
open here to collateral attack; but on the contrary,
the issue of special execution and sale thereunder,
pursuant to the attachment and lien thereby acquired,
were valid in execution of .the judgment, there was
nothing to imply abandonment or waiver of the lien.
Burnett v. McCluey, 92 Mo. 236; Hagerman v. Sutton,
91 Mo. 526; Freeman v. Thompson, 53 Mo. 194; Hardin
v. Lee, 51 Mo. 241; Massey v. Scott, 49 Mo. 278; Johnson
v. Holly, 27 Mo. 594; State ex rel. Vogle, 14 Mo. App.
190; Clark v. Holliday, .9 Mo. 711. (3) But, in truth, the
judgment in attachment was expressly for execution
against the attached property, and any expression in-
dicating such intent stamped the judgment as special
in its nature, and that was sufficient, for neither the
condition of ·the record, nor the status of the parties,
nor the language of the judgment suggest any power
or purpose of the court to enter merely a general judg-
ment.   Johnson v. Holly, 27 Mo. 504;  R. S. 1909,
secs. 2330, 2331;  6   C. J. p. 484, sec. 1144.   (4)
.This court's uniform decisions in Hardin v. Lee,
51 Mo. 241, and subsequent cases, holding that a

judgment based on attachment, conferring jurisdiction of the land attached and executed through special execution and sheriff's deed, cannot be collaterally attacked, has become a rule of property which this court never intended to disturb, and it should be protected by repudiation of the inconsistent ruling in White v. Gramley, 236 Mo. 647. Dunklin Co. v. Dunklin Court, 23 Mo. 449; Reed v. Ownby, 44 Mo. 204; Dunklin v. Chouteau, 120 Mo. 577; Lumber Co. v. Craig, 248 Mo. 319, 331. (5) The first affidavit, containing, as it did, cause for both attachment under Sec. 2294, sub-secs. 3 and 4, and publication, under Sec. 1770, both processes might well be founded thereon; and the second affidavit, by which the former affidavit was supplemented, was a good foundation for summons in Texas under Sec. 1778. Avery v. Good, 114 Mo. 290; Lumber Co. v. Carroll, 255 Mo. 363. (6) The service of the writ of attachment, as proved by the sheriff's return, was good and regular in form and substance, in exact accordance with the statute specifying what it should express, as to the "fact" of notice to tenant and statement of his "name," in addition to the statement of all other acts prescribed for effective levy of the writ on land. R. S. 1909, sec. 2316, sub-div. 3. (7) The fact that publication or summons was after jurisdiction had been acquired over the property by execution of the writ of attachment, was immaterial and did not invalidate or defeat the exercise of jurisdiction. Tufts v. Volkening, 122 Mo. 631. (8) The suit, publication and service of summons in Texas, as against John Smith by the name of J. W. Smith, to which he answered when admitting his identity on the witness stand, and by which he was known as appears by the evidence, was good for all purposes of the attachment proceeding, judgment, sale and deed, even if publication was necessary. Mosely v. Reily, 126 Mo. 127; Elting v. Gould, 96 Mo. 541; Martin v. Barron, 37 Mo. 300; Durfee v. Moran, 57 Mo. 374; Howard v. Brown, 197 Mo. 36, 47;

Graves v. Smith.

Simmons v. Mo. Pac. Ry. Co., 19 Mo. App. 545; Johnson v. Page, 57 Mo. 165.

BOND, C. J.—Suit of the purchaser under an execution sale to set aside an alleged fraudulent conveyance of the judgment debtor.

In 1910 defendant John W. Smith (J. W. Smith) purchased a farm in Newton County, Missouri, and placed his father in possession thereof as tenant, care for the property being the consideration for its use. In June, 1913, John W. Smith mortgaged this land by two deeds of trust, one for $650 with interest, payable five years from date; the second for $65 with interest, payable to George B. Hulse, maturing at a like date, naming Horace Ruark as trustee, and containing power of sale for foreclosure by the trustee on default of payment.

, Defendant Smith, having become indebted to George Graves as guarantor of a theatre lease, and having refused to pay said debt, said Graves, on January 21, 1914, sued out a writ of attachment, directed against J. W. Smith and his property.·

On January 24, 1914, John W. Smith executed a mortgage and deed of trust on the land in controversy to secure a debt to one G. S. Rowe of $1425, Lee Rowe being named as trustee therein. On January 25th, said mortgage and deed of trust were filed for record at Neosho, Missouri.

About this time Horace Ruark, attorney for John W. Smith, informed the sheriff that John W. Smith was not a resident of Missouri, but of Texas, and the sheriff thereupon amended a former return of personal service at the home of said Smith as follows:

> I hereby certify that I executed the within writ in the County of Newton and State of Missouri, by making diligent search for the within named J. W. Smith and failing to find him in my county, I therefore return this writ not served, this 16th day of April, 1914.

Thereupon the clerk of said court, in vacation, made an order of publication, which was duly published, notifying Smith of "a suit on account of rent

due under a lease covering a certain theatre building"
having been brought against him.

Ordinary summons was also issued, directed to the
sheriff of Wichita County, Texas, whose affidavit, among
other things, recites:

> Personal Service on Non-Resident.
>
> State of Texas, County of Wichita: ss.
>
> In the Circuit Court.   Geo. A. Graves et al., Plaintiffs, against
> J. W. Smith, Defendant.
>
> Being first duly sworn with reference to the above entitled
> action, the undersigned R. L. Randolph, in his hereinafter named
> official capacity says that . . . he did for the plaintiff, duly
> and personally serve on J. W. Smith, as defendant in the above
> entitled cause, who then resided in said Wichita Falls, County of
> Wichita, a duly certified copy of the petition in said cause, to-
> gether with a copy of the original writ of summons therein, by
> delivering to each of the said last above named defendant in per-
> son, at said Wichita Falls, County of Wichita, on said day, true
> duplicate copies of the following instruments, viz.: (1) the hereto
> attached copy of said petition and (2) the plaintiff's affidavit show-
> ing said defendant to be resident as aforesaid and non-resident of
> the State of Missouri, and (3) the hereto attached original writ
> as a writ of summons, and (4) the hereto attached certificate and
> attestation verifying each and all of the aforesaid copies . . .
>
> R. .L. RANDOLPH,
>
> Sheriff of Wichita County, State of Texas.

The judgment which was rendered in the attach-
ment suit concluded as follows:

"Wherefore it is considered and adjudged by the
court that the plaintiff recover of the defendant the
sum of twelve hundred and fifty dollars and the costs
in this behalf expended, and have execution against the
property and effects attached in this suit."

Execution issued, under which the sheriff sold the
defendant's property in controversy for $100 to George
A. Graves, the plaintiff in this suit .

Default was made in the payment of interest on the
$65 mortgage, payable to George Hulse, and after due
publication of notice of foreclosure, on May 11, 1914,
the trustee therein conveyed the land to Mae Smith,
sister of John Smith, for $80. Both are defendants in
this suit.

From a judgment rendered in favor of plaintiff in the present action, defendants J. W. Smith and Mae Smith appealed.

I.  The decisive question in this case is whether or not the judgment rendered in the attachment suit, under which the land in controversy was sold to plaintiff, was void on its face and hence open to that defense in the present action.

Substituted Service.

In order to acquire jurisdiction and validate a personal judgment rendered in its exercise, the court must have the subject-matter of the suit within its judicial cognizance and the defendant before it by due service of summons or by his voluntary appearance. These data are indispensable to the rendition of a general judgment against the defendant for money or property.  On the other hand, when no personal  or general judgment is sought or can be obtained and the suit is brought only to charge or fix a lien upon lands of a non-resident defendant, the statute provides a method of subjecting the *res* by attachment of his property and notice to him by publication in a prescribed form, or by substituted service. Unless both of these statutory prerequisites are complied with, the local court acquires no jurisdiction to proceed and any judgment rendered by it, special or general, is an absolute nullity and open to collateral attack in any other court where rights thereunder are attempted to be enforced.  The reason is that the statute in such cases gives the court no power to act unless the property is seized by a writ of attachment and the non-resident owner is apprised of that fact by the publication of a notice in the form prescribed in the statute or the substitute personal service permitted by the statute.  [R. S. 1909, secs. 1770, 1778; Moss v. Fitch, 212 Mo. l. c. 497; Givens v. Harlow, 251 Mo. l. c. 243.]

The crux of this case, under the facts shown in the record, is whether or not the suit in attachment against J W. Smith was conducted in compliance with the stat-

ute in the matter of notice by publication or service of substituted process on him in Wichita County, Texas. The learned trial court held these notifications to be sufficient to warrant a' judgment of $1250 against the defendant in that case and for an award of execution therefor against the property attached in that cause (as appears from the copy set out above.)

We cannot assent to that view. The order of publication supra simply recited the commencement of the suit "on account of rent due under a lease covering a theatre building" and warned the non-resident to appear and defend.

The statute requires in attachment suits that the order of publication shall state "briefly the object and general nature of the petition." [R. S. 1909, sec. 1770.] The substituted foreign service permitted in another section (Sec. 1778) is only a statutory alternative for notice by publication and has been held to have "no broader scope" and that it was intended to inform the non-resident that the court "had reized the *res*" and would proceed to adjudge the rights of the parties "in and to the *res*." [Moss v. Fitch, 212 Mo. l. c. 497, 498.] It necessarily follows that the notice of substituted service should be substantially the same as that required by the statute for publication.

No hint was given to defendant in this case, either by publication or in extra-territorial personal service, that his property had been attached or impounded in any way. The action in which the judgment sued on was rendered was one begun by attachment of the property of a non-resident. The writ of attachment issuable in that case should have contained, in addition to a command to levy upon the lands or so much thereof as would satisfy the verified claim of the plaintiff, a further order of summons to be served upon the defendant requiring him to appear and answer the action of plaintiff. [R. S. 1909, sec. 2313.]

Obviously no notice by publication could have been given to the defendant in that action which would have

complied with the letter and spirit of the statute' requiring such notice to state "the object and general nature of the petition" or suit which did not distinctly inform him that it was one by attachment of his property. The sole ground upon which any recovery could have been had in the original suit was the right to seize the property of defendant and subject it to the satisfaction of the verified demand of plaintiff under the authority given by the statute applicable to attachment and other suits against non-residents. Plaintiff could have had no other action upon a breach of contract or guaranty wherein he could have recovered a personal judgment against the non-resident defendant by any form of publication or personal service. The only possible redress which plaintiff could have had was against specific property in this State as provided by statute. It is, therefore, clear to a demonstration that the action begun against the nonresident defendant could not have been one to recover a certain sum for the breach of a guaranty (as stated in the order of publication), for the court was powerless to render any such redress. Hence the notice which apprised defendant that such was the nature of the action against him, was a misleading statement and did not correctly describe the "object and general nature" of the suit, which was to impound certain property and apply the proceeds of a sale thereof to the claim of plaintiff against defendant. It necessarily follows that the only way the plaintiff in the attachment suit could have complied with the statutory direction as to notice, was to have inserted in the order of publication a statement setting forth the real nature of his suit: i. e. to subject by attachment the lands of a non-resident debtor to the payment of a verified demand; and it is an obvious corollary of this that he could not have complied with the requirement of the statute, if he adopted substituted service instead of publication, unless he had provided for a similar notice of the nature of the suit, either by employing the form of original writ of attachment prescribed by statute

(R. S. 1909, sec. 2311), or in some other way have notified the defendant that the foreign personal service on him was to defend an attachment suit.

We hold that both the order of publication in this case and the attempted substituted service were fatally defective under the statutes authorizing them and could give the court no jurisdiction to render the judgment in the attachment suit. It follows that the sale to plaintiff under a void judgment vested him with no title to the property in dispute.

II.   This conclusion renders it unnecessary to discuss other grounds of objection to the judgment of the trial court, including the contention that the judgment rendered in the attachment suit was a general judgment. [Priest v. Capitain, 236 Mo. l. c. 457; Givens v. Harlow, 251 Mo. 231.]

General Judgment.

The judgment of the trial court in this case was erroneous. It is, therefore, reversed and the cause remanded with directions to dismiss plaintiff's suit. It is so ordered. All concur except *Woodson, J.,* not sitting.