Pettibone, J.,
delivered the opinion of the Court.
This was action of debt, on a writing obligatory, brought by Douglas, in the Court below, against one John McClary. The proceedings were by attachment, and Ca-been, the plaintiff in error, was named as garnishee. Judgments were taken by default, against McClary and Cabeen, in the Court below.
Two points are relied upon, by the plaintiff in error, as sufficient to .set aside the judgment against him : First, that no sufficient affidavit was filed, to authorize the issuing of the attachment. Second, that 1here was no legal service of the attachment upon the garnishee. As some doubts are entertained, whether the affidavit constitutes any part of the record in which error can be assigned, we have thought it advisable not to decide the first point, at present, especially as it becomes unnecessary, from the manner in which we decide the second point. It has already been decided in this Court, that the mesne process, and Sheriff’s return thereon, do constitute a part of the record, and that error may be assigned in them. If so, there can be no doubt, that the Sheriff’s return, in this case, is erroneous. The statute says, “ the attachment shall be served by the officer’s going to the place where, or to the person in whose possession any property to he attached is supposed to be, or to the person who is supposed to be indebted to the defendant, and then and there, in the *240 presence of one or more credible persons of the neighborhood, declaring he attacheth,” &c. And the manner of returning the writ, is directed to be by the Sheriff or the officer returning the writ, &c., with the names of the persons ip whose presence the writ was executed, &c. The Sheriff, in this instance, has not returned the names of any persons in whose presence the writ was served, or that he served it in the presence of witnesses. We are, therefore, of opinion, that the attachment was not properly served on the garnishee, and that he was not bound to appear and answer in the suit, and that the judgment taken against him by default, without his being legally served with process, is erroneous and void.
Let the judgment against the garnishee be reversed, with costs. There are three other suits between the same parties, depending on the same points, in which the same judgment must be given.