STEVENSON & HORD v. ROBBINS.

SEPT. TERM, 1837.

Stevenson & Hord
v.
Robbins.

1. An affidavit, to authorize an attachment, under the act of 1837, must state that the affiant has "*good reason to believe*, and does believe, that the defendant is about fraudulently to dispose of his goods," &c.

2. Where an attachment has been sued out in vacation, in pursuance of the provisions of the act of 1837, but no bond filed, as directed by that act, the plaintiff will not be allowed, either in vacation, or at the ensuing term of the circuit court, to file his bond *nunc pro tunc.*

ERROR from the circuit court of Cooper county.

*Adams,* for Stevenson and Hord:

To reverse the order for dissolving the attachments in this cause, the plaintiffs' counsel rely upon the following points and authorities:

1. That the circuit court erred in not permitting the plaintiffs to file their bond in favor of the defendant, conditioned as aforesaid.

The statute requiring a bond to be filed, in the case of attachments, is not unlike the statute concerning costs in cases of non-resident plaintiffs, and in suits upon administrators' bonds. In those cases, this court have decided that a bond may be filed, for costs, even after motion to dismiss—see Governor v. Rector, 1 vol. Mo. Rep. 638; Posey v. Buckner, 3 vol. Mo. Rep. page 604.

2. If the first writ was null and void as an attachment, it was good as a summons; and if so, the plaintiffs had a right to have an attachment issued in aid of their suit—see Laws of Missouri of 1837, title Attachments, article I., section 4, page 8.

*Hayden, Todd,* and *Quarles,* for Robbins:

The defendant insists in this case, 1. That the decision of the circuit court was right in refusing leave to file an attachment bond *nunc pro tunc,* as it is esteemed an act to be precedent to the writ.

2. That the court decided correctly in dismissing and quashing the several writs of attachment and the proceedings under them.

For that, the first was sued out without giving a bond.

That the first writ was good, as against the plaintiffs who sued it out, until avoided. And,

That pending one writ executed in the same cause, a plaintiff cannot sue out another original of the same kind.

3. That in actions founded upon the petition laws in debt, no writ of attachment will lie.

Upon these points, these several statutes are referred:
1. Attachment, Digest, page—
2. Practice at Law, Digest, page —
3. Ditto in Petition, Digest, page —

Opinion of Tompkins, Judge.

On the fourth day of April, in the year eighteen hundred and thirty-seven, Stevenson and Hord filed their petition in debt, under the statutory provision, against Robbins, with an affidavit to entitle them to sue by attachment; and, on the same day, the writ of attachment, with the addition of a clause of the nature and to the effect of an ordinary summons, was issued; no bond being filed with the clerk of the circuit court, conditioned that the plaintiff shall prosecute his suit, &c. as is provided in the first section of the act supplementary to the act entitled an "act to provide for the recovery of debts by attachment," passed 6th February, 1837. Afterward on the 19th day of April, the plaintiffs filed their bond, under the statute; and on the same day sued out another writ of attachment, with a clause of summons, as before, on the same petition in debt. At the next term of the circuit court, the plaintiff moved for leave to file a bond as of the time of issuing the writ: and the defendant also moved to quash the writ of attachment. 1. Because the writ was issued before any bond was filed. 2. Because in an action under the statute, by petition in debt, the writ of attachment could not issue. 3. Because the affidavit was insufficient.

The defendant also filed a plea, in the nature of a plea in abatement, to put in issue the truth of the plaintiffs' affidavit, under the provisions of the 5th section of the 2d article of the act of 6th February, 1837, above alluded to.

That part of the affidavit to which exception is taken, is in these words: "That it is the belief of the affiant, that the said Charles A. Robbins is about fraudulently to dispose of his effects so as to hinder or delay his creditors." The plea in abatement of the affidavit is, that the defendant was not about to dispose of his property, &c. so as to hinder or delay his creditors, &c. It is provided by the first section of the act of the 20th March, 1835, that where there is good reason to believe that the debtor is about fraudulently to remove his property out of the State, so as to hinder or delay his creditors, the writ of attachment may issue; and by the second section, it

An affidavit, to authorize an attachment under the act of 1837, must state that the affiant has "*good reason to believe* and does believe that the def. is about fraudulently to dispose of his goods, &c."

SEPT. TERM, 1837.

Stevenson & Hord
v.
Robbins.

is provided, that to obtain this writ, the plaintiff, or some other credible person shall file an affidavit of the belief of the affiant of the existence of the fact. The affidavit is clearly defective in not stating that there was good reason to believe, and that he did believe that the defendant was about fraudulently to dispose of, &c. The *good reason to believe*, &c. might have been put in issue, and the plea filed by the defendant, even had it put in issue the belief of the plaintiff, would have made but an immaterial issue. The defendant has had all the benefit to be derived from an insufficient affidavit when demurred to. The attachment was dissolved, the plaintiffs having failed to file a good affidavit, as they might have done by the 37th section of the act of 1835. The defendant then, by the dissolution of the attachment, has obtained all he asked for, or ought to have obtained, either on account of the neglect to file a bond in time, the alleged incompatibility of the action of petition in debt with a writ of attachment, or the insufficiency of the affidavit.

Where an attachment has been sued out in vacation, in pursuance of the provisions of the act of 1837, but no bond filed, as directed by that act, the pltf. will not be allowed, either in vacation, or at the ensuing term of the circuit court, to file his bond *nunc pro tunc*.

It remains to be considered whether the complaint of the defendants in error, plaintiffs below, is founded in law. The errors which they charge the circuit court with committing, are: 1. That the attachment was dissolved. 2. That they were refused leave to file a bond after the day on which the writ was issued. If the first attachment be erroneously issued, because no bond was filed, they certainly could pretend to no right to rectify such errors in vacation, and consequently without leave of court, by issuing a second writ of attachment. In support of their claim to file a bond after the day of issuing the writ of attachment, they cited the case of the Governor of Missouri against Rector, in which it is decided that in an action on an office bond, &c., the plaintiff may file bond with security for costs, even after motion to dismiss, although the statute directs that such suits, commenced without filing bonds with security for costs, shall be dismissed on motion. The reason is this, that the defendant sustains no injury by the neglect. But how is the case here? The writ of attachment issues in vacation, and no bond being filed, the plaintiffs might have done great injury to the defendant by attaching his property, and after all have been unable to give security, or they might even have left the State. This court is at all times ready so to construe a statute, as to attain the ends which the legislature seems to propose to be attained. In the case cited above, the object of the legislature was to secure ultimately to the defendant, such costs as a

non-resident plaintiff, &c. might make in case he were defeated in his suit. Therefore, he is allowed to give bond after suit brought, if he apply before the defendant has sustained any injury. To institute a suit is a common right. To attach a man's property, and to take it out of his possession, as by the writ of attachment it may be done, is a remedy given by the statute on extraordinary occasions; as when it is believed, for good reasons, the defendant is about to secrete his property, in order to hinder or delay his creditors. It is unreasonable to suppose the legislature ever wished that a plaintiff, who has taken out a writ, by which so much mischief might be done, should be indulged in filing a bond after the writ was issued. Such a construction of the act would put the defendant too much in the power of ill disposed persons. For these reasons, it is my opinion that the circuit court committed no error in refusing to permit the plaintiffs below to file a bond *nunc pro tunc.* The judgment, then, of the circuit court against the defendant below, as well as that against the plaintiffs, ought, in my opinion, to be affirmed; and the other Judges concurring, they are affirmed.