## BRYANT v. DUFFY, *Appellant*.

### Division One, March 26, 1895.

1. **Attachment**: STATUTE. All the substantial requirements of the statute must be fairly complied with in order to acquire jurisdiction of property by attachment.

2. ———: SHERIFF: ABSTRACT OF ATTACHMENT. A failure of the sheriff to file an abstract of attachment of land as required by Revised Statutes, 1889, section 543, subdivision 3, will render the attachment invalid.

3. ———: JUDGMENT: CONSTRUCTIVE NOTICE. A judgment in an attachment suit rendered on constructive notice binds only the property attached. (R. S. 1889, sec. 558.)

*Appeal from Nodaway Circuit Court.*—HON. C. A. ANTHONY, Judge.

AFFIRMED.

*T. J. Johnston* for appellant.

(1) Even had the title been clear, the court should not set the sale aside on account of the mere inadequacy of consideration—since the sale was fair, open and free from all suspicion of any fraud, combination, accident or mistake. *Parker v. Railroad*, 44 Mo. 415; *Phillips v. Stewart*, 59 Mo. 491; *Durfee v. Moran*, 57 Mo. 374; *Brown v. Kirk*, 20 Mo. App. 524; *Brown v. Railroad*, 43 Mo. 294. (2) "The failure of the sheriff to give notice of the levy to the actual tenant ten days before the return day of the writ, and state the fact of such notice and the name of the tenant in his return." This objection has been answered in the following cases:

*Lackey v. Seibert*, 23 Mo. 85; *Durossett's Adm'r v. Hale*, 38 Mo. 346. (3) The writ of attatchment was legally and regularly issued and levied on the land and returned into court from whence it issued. *Hardin v. Lee*, 57 Mo. 241; *Freeman v. Thompson*, 53 Mo. 183.

*R. L. McDougal* for respondent.

(1) There was gross inadequacy of price in this case. This being true, the court will require that there be strict regularity in the proceedings. *Nelson v. Brown*, 23 Mo. 21; *Railroad v. Brown*, 43 Mo. 294; *Parker v. Railroad*, 44 Mo. 415; *Goode v. Crow*, 51 Mo. 212; *Durfee v. Moran*, 57 Mo. 374; *Kelly v. Hurt*, 61 Mo. 463; *State ex rel. v. Yancy*, 61 Mo. 397; *Stoffel v. Schroeder*, 62 Mo. 147; *Holdsworth v. Shannon*, 113 Mo. 508. Jurisdiction in attachment cases, where there is not personal service or voluntary appearance, is obtained by levy of the writ, and in order that a lien be created, even after all the prerequisites thereto have been complied with, it is necessary that the officer having charge of the writ omit no act in making the levy which the governing statute prescribes. R. S. 1889, sec. 543; *Cabeen v. Douglas*, 1 Mo. 336; *Anderson v. Scott*, 2 Mo. 15; *Maulsby v. Farr*, 3 Mo. 439; *Norvell v. Porter*, 62 Mo. 309; *Gates v. Tusten*, 89 Mo. 13, 21; *Stanton v. Boschert*, 104 Mo. 393; *Schwartz v. Cowell*, 12 Pac. Rep. 252. There was no filing of an abstract of the attachment in the recorder's office. *Stanton v. Boschert*, 104 Mo. 393.

MACFARLANE, J.—This suit is in equity to set aside a sheriff's sale and deed under execution, by which eighty acres of the land of plaintiff was sold and conveyed to defendant.

The judgment was in an attachment suit in favor of one J. W. Cook, and against plaintiff and one Thomas Bryant for $18.65 and costs. Defendant Duffy was the attorney for Cook in said suit. There was no personal service of process on plaintiff, but, being a nonresident of the state, the service was by publication. The proceedings were regular up to and including the issuance of the writ of attachment, and placing it in the hands of the sheriff for execution. To this writ the sheriff made the following return: "Executed the within writ in the county of Nodaway state of Missouri on the thirtieth day of May, 1891, by levying upon all the right and title of defendants Frank Bryant and Thomas Bryant in and to the following described tract of land. The east half of the northeast quarter of section 31, township 65, range 34, county of Nodaway, state of Missouri." The sheriff failed to file in the office of the recorder of deeds an abstract of the attachment and failed to give notice to the actual tenants of the defendants in said suit.

Upon those facts the court decreed the cancellation of the deed on account of the failure of the sheriff to to file with the recorder an abstract of the attachment as required by statute. Defendant appealed.

Proceedings by attachment are statutory and not according to the course of the common law, and in order for the court to acquire jurisdiction over the property, it is "essential that the executive officer having charge of the writ omit no act in making the levy which the governing statute prescribes." 1 Am. and Eng. Encyclopedia of Law, 919; 1 Wade on Attachment, secs. 2 and 126; Drake on Attachments [7 Ed.], sec. 236a; *Fairbanks v. Bennett*, 52 Mich. 63. "It is in consideration of the harshness and extraordinary character, as well as the purely statutory authority of this remedy, that the courts have generally been

inclined to construe its provisions strictly in favor of those against whom it may be employed." 1 Wade on Attachment, sec. 3.

Our statute providing for the manner in which writs of attachment shall be served, where land is attached, is as follows:

"When lands or tenements are to be attached, the officer shall briefly describe the same in his return, stating the quantity and situation, and declare that he has attached all the right, title and interest of the defendant in the same or so much thereof as shall be sufficient to satisfy the debt and interest, or damages and costs; and shall also file in the recorder's office of the county where the real estate is situated an abstract of the attachment, showing the names of the parties to the suit, and the amount of the debt, the date of the levy, and a description of the real estate levied on by the same, which shall be duly recorded in the land records and the recording paid for by the officer, and charged and collected as other costs; and the officer shall moreover give notice to the actual tenants, if any, at least ten days before the return day of the writ, and state the fact of such notice and the names of the tenants in his return." R. S. 1889, sec. 543, par. 3.

This court has ever maintained the rule above quoted that, in order to acquire jurisdiction of property by attachment, all the substantial requirements of the statute must be fairly complied with. *Cabeen v. Douglas*, 1 Mo. 336; *Norvell v. Porter*, 62 Mo. 309, 310; *Gates v. Tusten*, 89 Mo. 21; *Stanton v. Boschert*, 104 Mo. 393.

In the case last cited it was held that: "The filing of the abstract is an act to be done at the time of indorsing the levy upon the writ, and is an act entering into and constituting a part of a levy of an attachment upon lands, and is a condition precedent to a

valid attachment lien. An attachment lien is a creature of the statute, and there can be no such lien until there has been a fair compliance with the conditions prescribed for acquiring the same, and the filing of an abstract with the recorder is one of those conditions." This decision is directly in point.

But it is insisted that the only question for decision in that case concerned the priorities between different attaching creditors, and, therefore, the declaration quoted, as giving construction to the statute, was a mere *dictum*, and has no binding force in a case like this, in which the contest is between the attachment debtor and a purchaser under the judgment.

But it was necessary to decide when and upon what conditions the attachment lien took effect, and for that purpose a construction of the statute became necessary and the declaration was, therefore, judicial. The statute imperatively required, as a necessary part of an attachment upon land, that an abstract of the attachment should be filed in the office of the recorder, and we are unable to see that the purpose for which it was required would be material.

This statutory requirement first appeared in the revision of 1865.

It is said by LEONARD, J. (*Lackey v. Seibert*, 23 Mo. 85, decided in 1856): "It does not seem to have been the policy of our legislature, in 1835, or since, to require any public notoriety to be given to the levying of the attachment; nor have they provided any guards against the abuses that may occur in these proceedings, on the part of executive officers, by reason of the secret manner in which they are allowed to execute the writs."

Prior to 1835 the officer was required to go to the place and there declare in the presence of one or more creditable men of the neighborhood that they attached

the property and to state in his return the names of the persons in whose presence the attachment was levied.

In the case of *Cabeen v. Douglas, supra,* it was held that a failure of the officer to return the names of the persons in whose presence the writ was served was fatal to the validity of a garnishment under the attempted attachment.

We may fairly infer that the law now under consideration was passed by the legislature upon the suggestion of Judge LEONARD, and that it was intended to constitute a part of a complete and valid levy.

We are of the opinion that by a failure of the sheriff to file the required abstract no valid attachment of the property was made. The statute provides that judgments on constructive notice shall bind only the property attached. Section 558. The judgment, therefore, being on constructive notice, did not bind the the property in question and the sale and deed were properly set aside. Judgment affirmed. All concur.