Herbert H. **CLOYES**, Plaintiff,

v.

**POWDER–POWER TOOL CORPORATION**, Defendant.

Civ. A. No. 9417.

United States District Court
W. D. Missouri, W. D.

Nov. 18, 1954.

---

Terrance W. Imes and Anthony P. Nugent (of Nugent & Nugent), Kansas City, Mo., for plaintiff.

William Coleman Branton (of Stinson, Mag, Thomson, McEvers & Fizzell), Kansas City, Mo., for defendant.

WHITTAKER, District Judge.

The question to be decided is whether the property of defendant, "a foreign corporation whose chief office or place of business is out of this state", is subject to attachment, *without bond,* under the statutes of Missouri.

The facts giving rise to the question are as follows. Plaintiff, a citizen of Missouri, commenced this action—one to recover damages for breach of a contract—against defendant, an Oregon corporation, in the state court of Missouri, by attachment, without bond. The statutory ground of attachment contained in plaintiff's affidavit was "that the defend-

ant Powder-Power Tool Corporation is a foreign corporation whose chief office or place of business is out of this state."

Upon that complaint and affidavit the clerk of the state court issued a writ of attachment to the sheriff, from which various garnishments were served upon alleged debtors of defendant residing in Missouri, and, thus, a res is claimed to have been brought into the jurisdiction of the state court.

Thereafter the defendant removed the cause to this court upon the ground of diversity and requisite jurisdictional amount, and, having done so, now moves in this court to dismiss the action or, in the alternative, to dissolve the attachment and to quash the garnishment summonses issued under it, because, it contends, the writ of attachment could not, in the circumstances here, validly be issued *without bond*. That motion is the matter now before me for decision.

Section 521.010, V.A.M.S., sets forth fourteen grounds of attachment. The first two are as follows:

"(1) Where the defendant is not a resident of this state;

"(2) Where the defendant is a corporation, whose chief office or place of business is out of this state; * * *."

For brevity, I will hereinafter refer to these grounds of attachment as the "first ground" and the "second ground", respectively.

Section 521.050, V.A.M.S., so far as here pertinent, provides:

"Any plaintiff wishing to sue by attachment may file in the clerk's office of the court in which the attachment is instituted * * * a petition or other lawful statement or exhibit of his cause of action, and, except in suits instituted by the state or a county in its own behalf,

and also, *except in cases where the defendant is not a resident of the state of Missouri, in either of which cases no bond shall be required,* shall also file an affidavit and bond, and, thereupon, such plaintiff may sue out an original attachment, * * *." (Emphasis mine.)

Defendant, first, points out, quite correctly, that attachment proceedings in Missouri are special and extraordinary proceedings,[1] and that strict compliance with the statutory provisions is vitally essential,[2] and that when such strict compliance has not been had the writ of attachment will be irregular and the court acquires no jurisdiction over any res,[3] and defendant, next, contends, as the principal basis of its motion, that the first ground of attachment is not applicable to corporate defendants, but only to natural persons, and that only under the first ground may a valid writ of attachment be issued *without bond*, and inasmuch as the ground of attachment applicable to this case, and the one assigned in the affidavit of the plaintiff in this case, is the second ground of attachment, it follows that a writ of attachment could not validly have been issued in this case until a bond was given, and, inasmuch as none was given, the writ is void and the attachment should be dissolved.

It is quite true that the case of Farnsworth v. Terre Haute, Alton & St. Louis Railroad Company, 29 Mo. 75, relied upon by defendant, does hold that the first ground of attachment is not applicable to corporations, but only to natural persons, and that it is the second ground of attachment which is applicable to a corporation, such as defendant, whose chief office or place of business is out of this state, but that case does not say that an attachment bond is unnecessary under the first ground, but is necessary

1. Linck v. Troll, 84 Mo.App. 49.

2. Bryant v. Duffy, 128 Mo. 18, 30 S.W. 317; Vittert v. Melton, Mo.App., 78 S.W. 2d 467.

3. Bryant v. Duffy, supra; McCord & Nave

Merc. Co. v. Beetles, 58 Mo.App. 384; Simmons v. Missouri Pac. RR Co., 19 Mo.App. 542; First National Bank v. Griffith, 192 Mo.App. 443, 182 S.W. 805.

under the second ground, of attachment, nor does it in any way deal with the matter of a bond.

■ It seems to me that the fallacy of defendant's position lies in its assumption that the first ground of attachment ("where the defendant is not a resident of this state") is synonymous with, or the legal equivalent of, the clause in Section 521.050, V.A.M.S., saying that no bond shall be required "in cases where the defendant is not a resident of the state of Missouri". Those clauses are not synonymous, or legal equivalents. They are independent and deal with different subjects. The first specifies a ground of attachment. The second deals with when a bond shall be required.

It seems quite clear to me that the language of Section 521.050, V.A.M.S., does not make the waiver of bond to depend upon *the ground of attachment* assigned, but makes it to depend, rather, upon whether, *in point of fact*, "the defendant is not a resident of the state of Missouri". In other words, the matter of the requirement of bond is determined, not by the ground of attachment set forth in the affidavit, but, rather by the terms of Section 521.050 of the statute, which says that no bond is to be required "in cases where the defendant is not a resident of the state of Missouri."

■ Inasmuch as this is a "case where the defendant is not a resident of the state of Missouri", it follows (even though the applicable ground of attachment against it, and the one here assigned, is the second ground of attachment specified in the statute) that no bond was required to be filed by plaintiff with the clerk of the state court as a condition precedent to its right to have a writ of attachment issued against the property of the defendant, and, hence, defendant's motion to dismiss, or, in the alternative, to dissolve the attachment and to quash the garnishment summonses, for failure of the plaintiff to deposit a bond, is not well taken, and must be, and it is hereby, denied.