**STATE of Missouri, ex rel., Rosemary FROIDL, Relator,**

v.

**Honorable Daniel T. TILLMAN, Judge 22nd Circuit Court of the City of St. Louis, Missouri and Honorable Edward Peek, Judge 22nd Circuit Court of the City of St. Louis, Missouri, Respondents.**

No. 47813.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 20, 1983.

Charles W. Bobinette, St. Louis, for relator.

G. Keith Phoenix, St. Louis, for respondents.

PUDLOWSKI, Judge.

Relator, Rosemary Froidl, seeks a writ of prohibition against respondent Judge Edward Peek for granting a waiver of attachment bond and issuing a writ of attachment against relator's property and against Judge Daniel T. Tillman for his continuing to exercise dominion and control over relator's property. Relator contends that both judges lack jurisdiction in granting and maintaining Ms. Temple's, plaintiff in action below, writ of attachment.

Ms. Temple filed a two count petition against relator. The cause of action arises out of an automobile accident in which Ms. Temple was injured. In Count I she prayed for actual damages in the sum of $250,000 and in Count II she prayed for punitive damages in the sum of $250,000. Contemporaneously, she filed an affidavit in support of a writ of attachment, alleging the $500,000 in damages as pleaded in her damage petition. She also filed an unverified "Motion for Waiver of Attachment Bond." Judge Peek granted the motion for attachment and waived the attachment bond and issued a writ of attachment against relator's property. Subsequently, relator appeared before respondent, Judge Tillman, and argued that the writ of attachment was improperly issued and requested that the court grant her motion to dissolve the writ

of attachment. The judge indicated his intention to overrule relator's motion but stayed his order to allow relator time to seek a writ of prohibition before this court. We granted a preliminary writ of prohibition.

The relator argues principally that the respondents were without jurisdiction to issue the writ of attachment without requiring the petitioner to post the necessary bond. In support of her claim, relator cites Chapter 521 of the Revised Statutes of Missouri and in particular, Section 521.050, which in pertinent part provides as follows:

> *Any plaintiff wishing to sue by attachment may file in the clerk's office of the court in which the attachment is instituted a petition or other lawful statement or exhibit of his cause of action, and,* except in suits instituted by the state or a county in its own behalf, and also, except in cases where the defendant is not a resident of the State of Missouri, in either of which cases no bond shall be required, *shall also file an affidavit and bond, and, thereupon such plaintiff may sue out an original attachment* against the lands, tenements, goods, monies, effects and credits of the defendant into his hands so ever the same may be; ... (emphasis added).

Section 521.070 RSMo. sets forth the requirements for the bond and the minimal amount of the bond, and provides:

> *The bond shall be executed* by the plaintiff, or some reasonable person as principal, and one or more sureties, resident house holders of the county in which the action is brought, *in a sum at least double the amount sworn to in the affidavit,* payable to the State of Missouri, conditioned that the plaintiff shall prosecute his action without delay and with effect, refund all sums of money that may be adjudged to be refunded to the defendant, or found to have been received by the plaintiff and not justly due him, and pay all damages and costs that may have accrued to any defendant, garnishee or

interpleader by reason of the attachment, or any process of proceedings in the suit, or by reason of any judgment or process thereon, and pay all damages and costs that may accrue to any sheriff or other sheriff by reason of action under the writ of attachment, following the instructions of the plaintiff. (emphasis added).

Chapter 521 of the Revised Statutes of Missouri sets forth the procedures and requirements for the granting of a prejudgment writ of attachment. Section 521.050 mandates the posting of a bond as a condition precedent to the issuance of a writ of attachment in all cases, except when, (1) the suit is instituted by the state or county on its own behalf, or (2) when the defendant is a nonresident of Missouri. Ms. Temple's action does not fall within these exceptions.

Attachment proceedings in Missouri are special and extraordinary proceedings [*Linck v. Troll,* 84 Mo.App. 49 (1899) ] and the strict compliance with the statutory provisions is virtually essential [*Bryant v. Duffy,* 128 Mo. 18, 30 S.W. 317 (1895) ]. When such strict compliance has not been had, the writ of attachment will be irregular and the court acquires no jurisdiction over any res. *Bryant v. Duffy, supra; McCord & Nave Merc. Co. v. Bettles,* 58 Mo.App. 384 (1894); *See generally Cloyes v. Powder—Power Tool Corp.,* 125 F.Supp. 837 (W.D.Mo.1954) and *Lubrication Engineers, Inc. v. Parkinson,* 341 S.W.2d 876 (Mo.App. 1961).

The Supreme Court of Missouri in *Stevenson v. Robbins,* 5 Mo. 18 (1837), decided for the first time the invalidity of a writ of attachment issued prior to the filing of a statutory bond. The Supreme Court affirmed the trial court's order quashing the writ of attachment because the writ was issued before a bond was filed and held that the circuit court committed no error in refusing to permit the plaintiffs to file a bond *nunc pro tunc.* In interpreting the statutory requirement of the timely filing of a bond the court stated:

To attach a man's property, and to take it out of his possession, as by a writ of attachment it may be done, is a remedy given by the statute on extraordinary occasions; as when it is believed for good reason the defendant is about to secrete his property, in order to hinder or delay his creditors. It is unreasonable to suppose the legislature ever wished that a plaintiff, who has taken out a writ, by which so much mischief might be done, should be indulged in the filing of a bond after the writ was issued. Such a construction of the act would put the defendant too much in the power of the ill disposed persons. *Id.* at 21.

Missouri courts consistently have held, and we most recently have affirmed, that the statutory bond requirement is a mandatory condition to a plaintiff maintaining an action in attachment. *State of Missouri, ex rel. Belle Starr Saloon, Inc. v. The Honorable Timothy J. Paterson,* 659 S.W.2d 789 (Mo.App.1983). Additionally, after an exhaustive study, we have been unable to locate a case or statutory authority for a court to waive the bond requirement of the statute.

Respondents recognize the mandatory requirement of a bond and acknowledge no specific authority to waive the bond but they contend that the existing facts dictate a waiver of the bond requirements. To support their contention they argue that Ms. Temple, an 88-year-old woman, has sustained serious injuries and already has incurred $60,000 in medical expenses and will incur additional expenses in the future. The relator only has a $25,000 insurance policy and even though the limits have been offered to Ms. Temple, she is concerned that the relator may attempt to hide and/or transfer her assets and therefore avoid satisfaction of a judgment.

In order to protect herself against such possibility, she filed the writ of attachment and motion of waiver of bond by relying solely on *Boddie v. Connecticut,* 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971). In

*Boddie,* the Supreme Court held that a required $60.00 filing fee in a divorce action should be waived for indigent parties. The respondents stand on the Supreme Court observation that "absent a countervailing state interest of overriding significance, persons forced to settle their claims of right and duty through the judicial process must be given a meaningful opportunity to be heard," *Boddie, supra* at 377, 91 S.Ct. at 785. Reliance on *Boddie* is misplaced.

Ms. Temple is not being denied her constitutional right to be heard. She had every opportunity, as she did, to file her claim against the relator and has pursued her claim without being forced to settle any claim. She may, if successful, use the legal process to settle her favorable judgment and therefore not forfeit any right.

On the other hand, a writ of attachment is statutory and did not exist at common law. There is no constitutional right to attachment and no fundamental constitutional right lost by the dissolving of the writ. *Vittert v. Melton,* 78 S.W.2d 467 (Mo.App.1975), *Bryant v. Duffy,* 128 Mo. 18, 30 S.W. 317 (1895). To allow every litigant, who claims to be without resources and who fears the other party will hide, transfer or dispose of property would be contrary to the intent of the statute. In fact, it seems such action would be to defeat the purpose of the statute. Ms. Temple readily admits she is without funds and the very purpose of the statute is, (1) to assure the court and the defendant that there will be sufficient funds from which to pay defendant's damages in the event of a wrongful attachment; (2) to assure the expeditious adjudication of the claim; and (3) to minimize the risk of wrongful, improvident, or bad faith claims. Ms. Temple's financial position is such that she could not provide such monetary guarantees if she were unsuccessful.

We hold that the relator was entitled to a bond signed by some responsible and qualified person and the trial court was required to refuse to issue a writ of attachment where the facts before the court revealed that the writ would be issued without complying with the statutory and rule requirements that a necessary bond cannot be waived except as so stated. We hold that the court was without jurisdiction to issue the pre-judgment writ of attachment on the authority of Chapter 521, RSMo. unless and until a bond is executed.

The preliminary writ of prohibition is made absolute.

DOWD, C.J., and SIMON, J., concur.