**STATE of Missouri, ex rel., WEBSTER COUNTY, Missouri, By and Through Its Duly Elected Commission, Relator,**

v.

**The Honorable John R. HUTCHERSON, Respondent.**

No. 27369.

Missouri Court of Appeals, Southern District, Division Two.

July 20, 2006.

Motion for Rehearing or Transfer Denied Aug. 4, 2006.

Application for Transfer Denied Sept. 26, 2006.

William H. McDonald, McDonald, Hosmer, King & Royce, P.C., Springfield, for Appellant.

John E. Price, Carnahan, Evans, Cantwell & Brown, P.C., John T. Coghlan, Lathrop & Gage, L.C., Springfield, for Respondent.

PHILLIP R. GARRISON, Judge.

This case arises from a petition for a stay and a writ of prohibition and/or mandamus filed by Webster County, Missouri, by and through its duly elected Commission ("Relator") against The Honorable John R. Hutcherson ("Respondent"). The petition relates to a suit brought by Webster County Abstract Company and D.D. Hamilton Company ("Plaintiffs") against Nancy Jo Wester [1], Recorder of Deeds of Webster County, Missouri ("Defendant"). Relator petitioned this court for, and we granted a preliminary order in prohibition directing Respondent to take no further

---

1. Stacy Atkison, who was elected Webster County Recorder of Deeds in November 2002, has since been substituted.

action in the case until further order of this Court. In short, Relator asks that we prohibit Respondent from ordering that funds paid to Defendant by Plaintiffs for copies of records be held by the circuit clerk in order to satisfy a potential judgment against Defendant, and to issue a writ of mandamus or prohibition to either order that it be joined in the action below, or in the alternative to order the underlying action be dismissed entirely. As is set out in more detail below, we agree in part and now, regarding the fees which Respondent indicated he would order held, enter our peremptory writ in prohibition, and enter our peremptory writ in mandamus ordering that Relator's motion to intervene in the underlying action be granted.

The underlying case has a complicated procedural and factual history, spanning over four years and is set out below only so far as relevant to the disposition of Relator's petition. Plaintiffs are abstract companies doing business in Marshfield, Missouri and in October 2001, they filed a petition in the Circuit Court of Webster County against Defendant. In Count I, Plaintiffs sought a declaratory judgment that Defendant was acting unlawfully by charging fees [2] for electronic copies of public land records in excess of the actual cost of reproduction ($1 vs. 25¢ per double-sided page), and in refusing to charge them the actual cost of reproduction unless they agreed not to duplicate the records for sale or dissemination. In addition, Plaintiffs sought a "refund" of all sums paid by them to Defendant that exceeded the actual cost of reproduction. In doing,

so they rely on Section 610.026.1(2) RSMo 2000,[3] which states:

Fees for providing access to public records maintained on computer facilities, recording tapes or discs, video tapes or films, pictures, slides, graphics, illustrations or similar audio or visual items or devices, *shall include only* the cost of copies, staff time required for making copies and programming, if necessary, and the disk or tape used for the duplication.

(emphasis added). On the other hand, Defendant argues that the governing statute is Section 59.310.3,[4] which states, in pertinent part:

Recorders of deeds shall be allowed fees for their services as follows:

(2) For copying or reproducing any recorded instrument, except surveys or plats: a fee not to exceed two dollars for the first page and one dollar for each page thereafter.

In Count II, Plaintiffs sought injunctive relief to prohibit Defendant from charging fees in excess of the actual cost to reproduce the records and to halt any restriction upon Plaintiff's dissemination of the public documents.

Missouri Land Title Association ("MLTA") and The Recorders' Association of Missouri ("TRAM") were both permitted to intervene. The proceedings stretched from roughly, October 2001 until December 2004, when the parties entered into, and filed a "Stipulation of Uncontroverted Facts."

2. Defendant is empowered to collect fees by Section 59.250.2, RSMo Cum.Supp. (2001), which states in pertinent part:

It shall be the duty of the recorder of deeds to charge, receive and collect in all cases every fee, charge or money due the recorder's office by law.

3. All other references to statutes are to RSMo Cum.Supp. (2001) and all references to rules are to Missouri Rules of Civil Procedure (2004) unless otherwise indicated.

4. Effective January 1, 2002, Section 59.310 was amended and this provision appeared as 59.310.6(2).

In November 2005, as the parties were beginning to file motions for summary judgment, and responses, Relator filed its motion to intervene under Rule 52.12, or to dismiss for lack of subject matter jurisdiction. A telephone conference was subsequently held, at which time Respondent announced his intentions to deny Relator's motion to intervene and order all fees thereafter paid to Defendant by Plaintiffs to be deposited with the circuit clerk pending the outcome of the case. Respondent directed Plaintiffs' attorney to draft an order with his rulings and announced that he would enter the order on December 2, 2005. Relator's motions to reconsider were denied.

After the hearing, but prior to Respondent's order being filed, Relator filed a petition for stay and writ of prohibition, mandamus or certiorari with this court alleging, *inter alia*, that Respondent was acting without subject matter jurisdiction because Relator is a necessary and indispensable party and therefore the underlying case should be dismissed, or Relator should be joined; and that Respondent exceeded his authority and was in violation of Section 59.250.2 in attempting to seize fees Defendant was, and is, collecting from Plaintiffs, which, under Section 59.250.2, belong to Relator. This Court issued a stop order and a preliminary order in prohibition staying all action in the case.

Relator's petition, as we understand it, essentially raises two issues: (1) must Relator be joined as a party, and (2) does Respondent have the authority to issue an order that all fees paid by Plaintiffs to Defendant be deposited with the circuit clerk pending the outcome of the underlying case. We take each issue in turn.

First, we review the telephone conference preceding Respondent's announcement of his intended ruling. He initially took the position that Relator would ulti-mately be responsible for any monetary judgment awarded to Plaintiffs, stating specifically:

> BY THE COURT: I think [Relator] is the one who'd have to write the check [if Plaintiffs are successful]. I doubt the recorder could do it. . . .

It appears from this record that none of the parties objected to Relator joining the suit, as these statements illustrate:

> BY THE COURT: . . . Let me ask a question. . . . This might simplify everything. Does anyone object to [Relator] intervening?

> [COUNSEL FOR TRAM]: [TRAM] welcomes their entry.

> . . . .

> [COUNSEL FOR PLAINTIFFS]: . . . I can tell everybody on this call that my leaning in terms of a recommendation to my client is to tell them why take any risk that [Relator] is a necessary party, why, not bring them in. . . .

> . . . .

> [COUNSEL FOR MLTA]: Before we get to damages, Your Honor, I think that [Relator] is needed right now in that issue. . . .

However, Respondent then indicated that it may be too late for Relator to intervene and that Relator may not be bound if the trial court were to find Defendant liable because it is not a party as is evident from the following colloquy:

> [COUNSEL OF PLAINTIFFS]: . . . [T]he motions for summary judgment that have been filed, (A) only seek relief against the recorder and don't seek any relief against [Relator], since it has not been a party, but, secondly, the motions for summary judgment only [are to decide liability first].

> . . . .

BY THE COURT: And the amount of damages, if any, later?

[COUNSEL FOR PLAINTIFFS]: That's correct.... [I]f ... [Relator] would be the one that would have to write the check, it seems to me that that's something that will have to be decided separately from [Defendant's] liability.

BY THE COURT: ... [O]bviously they're coming in late in the game, and ordinarily I would probably say no, but on the other hand, let's just say that I don't let them in and then we go down the road and one of the plaintiffs wins that would entitle somebody to money. I think playing what if, if I decide nobody's entitled to any money, it isn't going to hurt that they're not in it, but if I decided ...

. . . .

BY THE COURT: ... that anybody's entitled to damages, in other words, I decide the liability issue, now, how is [Relator] bound by that if they're not a party?

The following exchange makes clear that Respondent's biggest concern in ruling on the motion to intervene was whether Relator would agree to the stipulation of facts the parties to the litigation had developed:

BY THE COURT: Here's the biggest concern I have. Have you looked at the Stipulation of Fact, [Counsel for Relator]?

[COUNSEL FOR RELATOR]: I have.

BY THE COURT: Are you willing to sign it?

[COUNSEL FOR RELATOR]: I am not.

BY THE COURT: Then I don't much want you in the case.

. . . .

BY THE COURT: We've been, what, a year and a half or more in dragging this and hoping that we would get what we got, and that is a Stipulation of Fact that lets this case proceed on the legal issues, which are the main concern.

Respondent then described what his ruling would be, stating specifically:

BY THE COURT: The only thing [Relator's] got to do with it is they've got the purse strings, right?

[COUNSEL FOR PLAINTIFFS]: That's correct.

BY THE COURT: They do not run [Defendant's] office, they had no control over [Defendant's] office other than the annual budget for supplies and things like that that [Relator's] going to have to pay for, and they weren't a part of the process of making the decisions, right? In others words, [sic] the policy and decision of what [Defendant] was going to charge, that was her decision and not [Relator's]. [Counsel for Defendant] do you agree with that?

[COUNSEL FOR DEFENDANT]: I would agree with that Judge.

. . . .

BY THE COURT: [Counsel for Plaintiffs] I want you to draft an order.... Deny their right to intervene at this point. It's just so late and we're so far down the road and I see no benefit. Then secondarily in that order order that all funds hereafter paid into [Defendant's] office by either of the Plaintiffs shall be held and deposited with the Circuit Clerk pending the outcome of this case.

The exchanges above reveal that Respondent has predicated his decision at least to some degree, on the timeliness of Relator's motion. From this record it is also apparent that Respondent was concerned with the prejudice the parties might have been subjected to if Relator

was allowed to join without agreeing to the stipulation of facts.

■■■ Respondent contends that we are without jurisdiction to issue a writ of prohibition in this case. He argues that our jurisdiction is wanting in that a coercive writ is ordinarily not appropriate in cases in which a party has a remedy on appeal. *See* Rule 84.22(a); *State ex rel. Reser v. Martin*, 576 S.W.2d 289, 290 (Mo. banc 1978). A denial of a motion to intervene as a right (Rule 52.12(a)) is appealable and therefore ordinarily cannot be grounds for an extraordinary writ. *Martin*, 576 S.W.2d at 290. However, "Respondent's argument is 'one which is closely considered at the preliminary writ stage, and less so after the parties have briefed and argued the case on the merits.'" *McCarney v. Nearing, Staats, Prelogar and Jones*, 866 S.W.2d 881, 887 (Mo.App. W.D. 1993) (quoting *State ex rel. St. Joseph Light & Power Co. v. Donelson*, 631 S.W.2d 887, 892 (Mo.App. W.D.1982)). We have already issued a preliminary writ, and the parties have briefed and argued the issues in this case, therefore, in the interests of judicial efficiency we will decide the case on its merits. *See McCarney*, 866 S.W.2d at 887; *State ex rel. McClellan v. Kirkpatrick*, 504 S.W.2d 83, 85 n. 1 (Mo. banc 1974).[5]

■■■ In addition, we acknowledge the principle that a writ may be issued "to prevent needless litigation." *State ex rel. Conway v. Dowd*, 922 S.W.2d 461, 463 (Mo.App. E.D.1996). In *Conway*, a previous judgment in favor of a plaintiff against a police officer had been reversed based upon the officer's official immunity. 922 S.W.2d at 462. The plaintiff then filed suit against the city board of police commissioners ("city") based upon respondeat superior. *Id.* The city's motion to dismiss, based upon the principle that there can be no vicarious liability where the employee is officially immune, was denied. *Id.* Although the city could have appealed an adverse judgment on the same grounds, the eastern district of this court issued a writ of prohibition dismissing the case, reasoning that "[w]here the issue before the trial court and this court is solely a matter of law, a writ of prohibition is proper to prevent needless litigation." *Id.* at 463. With reference to this case, we also note that it is reversible error for a cause to proceed to final judgment without a necessary party who feasibly could have been joined. *State ex rel. Mayberry v. City of Rolla*, 970 S.W.2d 901, 909 (Mo. App. S.D.1998); *see also Lake Sherwood Estates Ass'n v. Continental Bank & Trust Co.*, 677 S.W.2d 372, 375 (Mo.App. E.D.1984). Applying the above principles to the present case, we conclude that allowing the action below to go forward without Relator, if it is in fact a necessary party, would invite unnecessary and costly litigation. Accordingly, we are compelled to determine whether Relator is a necessary party.

■■■ Rule 52.04 states, in pertinent part:

(a) Persons to Be Joined if Feasible. A person *shall* be joined in the action if: (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the

---

5. Respondent did not actually enter an order denying the motion to intervene; he only indicated his intent to do so. Judicial economy would not be promoted and the parties would be subjected to additional delay and expense were we to now deny consideration of the intervention issue on the basis that an appeal could be taken from an order denying this relief when it is later entered.

action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect that interest.... If the person has not been joined, the court *shall* order that the person be made a party.

(b) Determination by Court Whenever Joinder Not Feasible. If a person as described in Rule 52.04(a)(1) or Rule 52.04(a)(2) cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it or should be dismissed.

(emphasis added). Relator argues that it has an interest in the "subject" of the action and that its absence from the suit may impede its ability to protect that interest. *See* Rule 52.04(a)(2). We agree.

In the underlying action, Plaintiffs argue that Defendant has acted unlawfully in charging more for public records than the cost to reproduce them. Plaintiffs have been paying these fees since 2001, and therefore they are also seeking a "refund" on the difference between what Defendant actually charged and what they allege she was lawfully allowed to charge. However, Relator points out that the fees collected by Defendant are not under her control.

Section 59.250.2, states in pertinent part, "[a]ll fees, charges and moneys collected by the recorder of deeds shall be the property of the county." This statute clearly bestows upon Relator an interest in the fees at issue in this case. In addition, Relator also has an interest in ensuring that Defendant is not found to have acted illegally. Since it is the recorder's responsibility under Section 59.250 to set the fees for copying records, should the question of liability be answered in Plaintiffs' favor, Relator's ability to defend that issue could be adversely affected when Plaintiffs attempt to collect any court ordered "refund" from it. Under Rule 52.04(a)(2), Relator is therefore a necessary party.

We also note that because Plaintiff cannot obtain full relief without its presence, Relator is a necessary party under Rule 52.04(a)(1). *See Mayberry*, 970 S.W.2d at 909. Respondent recognized this fact, if not its ramifications, when he asked, "[i]f ... I decide that anybody's entitled to damages, in other words, I decide the liability issue, now, how is [Relator] bound by that if they're not a party?" One of the primary purposes of Rule 52 is to avoid piecemeal litigation. *State ex rel. Clinton Area Vocational School v. Dandurand*, 766 S.W.2d 169, 171 (Mo.App. W.D. 1989). Rule 52.04(a)(1) clearly states that a person *shall* be joined if in his absence full relief cannot be accorded to those already parties.

As Respondent intimated at the teleconference, a judgment declaring that Defendant was acting outside of her authority and overcharging Plaintiffs, and that they were therefore entitled to a refund, would not grant Plaintiffs full relief in this case. The funds to which Plaintiffs would then, arguably, be entitled are in Relator's possession by statute.[6] Therefore, if Respondent is correct, it stands to reason that Plaintiffs would have to initiate a separate proceeding in order to collect any such "refund." This would defeat one

---

6. Although there may be some question regarding the trial court's ability to enter a monetary award in a declaratory judgment action, it is certainly feasible under some circumstances. "While a court of equity is reluctant to, and ordinarily does not, grant a mere money judgment, it may do so in an appropriate case where the necessities of the situation require this type of relief." *State ex rel. Drey v. Hoester*, 608 S.W.2d 401, 404 (Mo. banc 1980) (internal citations omitted).

of the central purposes of Rule 52 and result in unnecessarily fractious litigation.

 Notwithstanding the fact that Relator is a necessary party, the mere absence of a necessary party does not require dismissal as Relator prays for here. *Edmunds v. Sigma Chapter of Alpha Kappa,* 87 S.W.3d 21, 27 (Mo.App. W.D.2002). Perhaps recognizing this, Relator argues that it is also an indispensable party and thus the entire underlying action should be dismissed. Dismissal is appropriate under Rule 52.04 if the court finds the absent party both "necessary" and "indispensable." *Kingsley v. Burack,* 536 S.W.2d 7, 11 (Mo. banc 1976). However, one can only be considered "indispensable" if he cannot be made a party and if the court determines that it cannot "in equity and good conscience" allow the action to proceed without him. Rule 52.04(b); *Id.* at 12.

 Clearly that is not the case here as Relator is available and can be joined as evidenced by its motion to intervene.[7] As a result Relator cannot be considered indispensable. A court's jurisdiction is only affected by the absence of an indispensable party, not failure to join a necessary party. *In the Matter of Sweeney,* 899 S.W.2d 886, 889 (Mo.App. S.D. 1995). Therefore, we see no basis to sustain Relator's motion to dismiss the underlying action for lack of subject matter jurisdiction. Relator is a necessary, not an indispensable party and the proper remedy for failure to join a necessary party is to order them joined if possible. *See Edmunds,* 87 S.W.3d at 27. Accordingly, the most appropriate disposition of Relator's petition is to issue a writ directing the trial court to grant Relator's motion to intervene as a necessary party and allow time for the parties and Relator to file the appropriate pleadings and/or motions. *See Mayberry,* 970 S.W.2d at 909. To this extent Relator's petition is sustained, and we enter our peremptory writ in mandamus requiring Respondent to grant Relator's motion to intervene.

 Next we consider Respondent's expressed intent to order all fees collected by Defendant from Plaintiffs to be held by the circuit clerk in order to build up "a kitty" for any future judgment against Defendant in the case. Respondent has cited to no authority, nor have we discovered any, which suggests that Respondent has the authority to order that fees collected by a recorder of deeds which belong to the county be seized or held in order to satisfy a possible future judgment against the recorder or Relator. As has been noted above, the funds at issue here are the property of Relator under Section 59.250.2.

 Respondent essentially indicated an intent to issue a pre-judgment attachment. Section 521.010 spells out the circumstances under which property may be attached, however, none of those apply

---

7. One construction of Relator's argument is that because the underlying proceedings are now into their fifth year without its participation, it cannot fairly be joined, thus making it a person that cannot be joined under Rule 52.04(b). However, Relator cites to no authority, nor explains the absence of such, that supports this contention. In any event, that argument lacks merit under these circumstances. As of the date our preliminary writ of prohibition issued, the parties were in the process of filing their various motions for summary judgment. Thus, Relator can still be joined and allowed to file its own pleadings, summary judgment motion and/or motion in opposition to Plaintiffs summary judgment motion. With regard to the stipulation of facts, during the teleconference Plaintiffs and MLTA suggested that the stipulation of facts could be incorporated into their motions for summary judgment against Relator, if joined, and Relator would then be free to dispute any of those facts in his opposition to summary judgment pursuant to Rule 74.04.

to the facts of this case. Additionally, there were no requests by a party that the funds be attached. "Attachment proceedings in Missouri are special and extraordinary proceedings and the strict compliance with the statutory provisions is virtually essential." *State ex rel. Froidl v. Tillman,* 662 S.W.2d 907, 908 (Mo.App. E.D.1983) (court was without jurisdiction to enter a writ of attachment where the plaintiff in a personal injury case had not posted the required bond). Absent strict compliance, the trial court "acquires no jurisdiction over any res." *Id.*

Furthermore, Respondent did not order Plaintiffs to put up a bond prior to ordering Relator's funds attached. Section 521.050 specifically states that a bond is necessary unless the defendant is not a resident of this state or the claimant is the state or a county. "Missouri courts consistently have held ... that the statutory bond requirement is a mandatory condition to a plaintiff maintaining an action in attachment." *Froidl,* 662 S.W.2d at 909.

In light of the principles discussed above, we conclude that Respondent did not have jurisdiction to require that these funds be deposited with the circuit clerk pending the outcome of the underlying case, and we must enter a peremptory writ on that issue.

We herewith enter our peremptory writ in mandamus ordering that Respondent grant Relator's motion to intervene. We also enter our peremptory writ in prohibition ordering that Respondent not order that the funds derived from fees Defendant has or will charge Plaintiffs be held by the circuit clerk pending determination in the underlying suit of whether those fees are being appropriately charged and

collected. In all other respects, our preliminary writ is quashed.[8]

BATES, C.J., and BARNEY, J., concur.

---

8. Relator's Motion to Dismiss the underlying case is denied.